IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD W. LOEPP )
) No. 15-51
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, alleging disability due to physical and mental impairments. His claim was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

First, Plaintiff contends that the ALJ erred when he failed to find that Plaintiff's mental retardation and musculoskeletal conditions did not meet or equal Listing 12.05(C). Specifically, Plaintiff contends that the ALJ was required to use the lowest IQ score of record – in this case, verbal and full scale I.Q. scores of 65 – rather than the performance score of 75, and that his orthopedic conditions imposed additional significant limitations. Defendant does not expressly dispute Plaintiff's contentions, but focuses instead on Plaintiff's alleged failure to demonstrate the diagnostic criterion of deficits in adaptive functioning.

Listing 12.05(C) addresses intellectual disability, termed "mental retardation" at the time of the ALJ's opinion in this case.[1] As Plaintiff correctly notes, in cases where more than one

---

[1] Listing 12.05(C) was revised effective September 3, 2013, and "mental retardation" changed to "intellectual disability." Although our Court of Appeals recently declined to decide that deficits in adaptive functioning remains

2

I.Q. is customarily derived from the test administered, the lowest of these is used when assessing Listing 12.05. Frye v. Astrue, 2014 U.S. Dist. LEXIS 97320, at *26 (M.D. Pa. July 15, 2014). Listing 12.05C requires an IQ score between 60 and 70, "and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Our Court of Appeals has indicated that a severe impairment, as defined in 404.1520(c), limiting a Plaintiff to some forms of light work, constitutes an impairment that imposes "additional and significant work-related limitations." Markle v. Barnhart, 324 F.3d 182, 187-88 (3d Cir. 2003).

Further, mental retardation is defined as significantly subaverage intellectual functioning "with deficits in adaptive functioning…." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05(C). Thus, before demonstrating the specific requirements of Listing 12.05C, a claimant must show proof of a "deficit in adaptive functioning." Langdon v. Colvin, 2014 U.S. Dist. LEXIS 129757, at *22 (W.D. Pa. Sept. 17, 2014). Deficits in adaptive functioning refer to "adaptive activities such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." Aucker v. Colvin, 2014 U.S. Dist. LEXIS 159662, at **43-44 (M.D. Pa. Nov. 12, 2014) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(1)). Further, while an ALJ need not explicitly state a particular definition relied on, courts in this district have remanded cases for failing to address the criteria used by organizational measures. See, e.g., Logan v. Astrue, 2008 U.S. Dist. LEXIS 71880, at **30-31 (W.D. Pa. Sept. 16, 2008); cf. Jones v. Colvin, 2015 U.S. Dist. LEXIS 74986 (W.D. Pa. June 10, 2015).[2]

---

a requirement under 12.05(C), the definition continues to include "deficits in adaptive functioning," and our district courts, as cited supra in the body of the Opinion, have continued to require such a showing. See Illig v. Comm'r Soc. Sec., 570 Fed. Appx. 262, 265 n. 8 (3d Cir. 2014). Moreover, the revision post-dated the ALJ's opinion in the present case.
[2] One Court has observed that the language of "Listing 12.05 does not require significant deficits in adaptive functioning, just that deficits of adaptive functioning exist." Southard v. Colvin, 2015 U.S. Dist. LEXIS 31745 (N.D. Ala. Mar. 16, 2015). Nonetheless, other courts have implied that the deficits must be more than merely

Here, the ALJ considered all of the criteria under the Listing 12.05C for mental retardation. The ALJ noted the full scale IQ result of 65, but that the administering provider observed that Plaintiff's performance score of 75 indicated a greater capacity, due to Plaintiff's use of his non-dominant hand during testing. The examiner, however, did not question the validity of the full scale score; indeed, he stated that in successive applications, Plaintiff's score would not be expected to vary between 62 and 70. The ALJ also noted an earlier IQ score of 74, from Plaintiff's childhood, which was thus deemed remote in time. He further observed that Plaintiff's orthopedic and diabetic conditions, while severe, did not impose a significant additional limitation of function. Although the ALJ considered much of the record that might be deemed relevant to an analysis of deficits in adaptive functioning, he does not expressly address that criteria in the context of Listing 12.05(C); here, this is insufficient to permit adequate review. As Defendant acknowledges, the ALJ's articulation is lacking. Particularly given the Plaintiff's IQ scores and other impairments that the ALJ deemed severe, this matter must be remanded for reconsideration of the record in accordance with all aspects of Listing 12.05(c).

As regards Plaintiff's remaining challenges, I find no error. Plaintiff contends that the ALJ erred in failing to conclude that his carpal tunnel syndrome was a severe impairment, and argues that this condition should have been accounted for in the residual functional capacity ("RFC") assessment. However, as Defendant suggests, the ALJ found in Plaintiff's favor at step two of the sequential analysis, and proceeded to consider all of his medically supported impairments. Further, the RFC includes limitations to occasional push/pull, no constant use of the hands, and no overhead reaching with his right arm. Plaintiff does not explain how these

---

extant. See Jones v. Colvin, 2015 U.S. Dist. LEXIS 74986 (W.D. Pa. June 10, 2015) (referring to "significant" limitation in adaptive functioning). While I do not opine regarding the degree of deficit required, it is clear that the ALJ must reassess the record in this case.

limitations fail to adequately account for carpal tunnel syndrome or his symptoms therefrom. I find no error in this regard.

Finally, Plaintiff argues that the ALJ failed to consider his lack of medical insurance after January 2012 when weighing his credibility. Here, the ALJ specifically referred to the Plaintiff's lack of insurance. Moreover, as Defendant points out, his course of treatment was not the only evidence that the ALJ considered. The ALJ also considered Plaintiff's activities of daily living and other factors when assessing Plaintiff's credibility. Therefore, I find no error in the ALJ's approach.

## CONCLUSION

In sum, this matter must be remanded for further assessment regarding Listing 12.05(C). The Plaintiff's Motion will be granted, and Defendant's denied.

## ORDER

AND NOW, this 24th day of September, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is granted, and Defendant's denied. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

5